*F. P. RUSHER LUMBER CO. v. G. W. TROXEL ET AL.

PRAYER FOR PERSONAL JUDGMENT PRECLUDES APPEAL.

Pleadings determine the nature of an action as to being legal or equitable. Hence, a petition to foreclose a mechanic's lien, determine priorities and for personal judgment, sets forth both an equitable and a legal cause of action; and, notwithstanding the parties amicably agree as to the facts determinable by the jury and submit the equitable issues to the court, but without change of pleadings or withdrawal of the legal issue, appeal will not lie.

[For other cases in point, see 1 Cyc. Dig., "Appeals," §§ 110-169; 6 Cyc. Dig., "Pleadings," §§ 3, 4.—Ed.]

[Syllabus approved by the court.]

## VOLLRATH, J.

This cause comes into this court on appeal from the court of common pleas of Allen county and is for hearing at this time on a motion to dismiss the appeal.

The plaintiff is a corporation and filed its petition setting forth, as its first cause of action, an account for material and supplies furnished by it to the defendants, G. W. Troxel and Allie L. Troxel, in the sum of $330.58 with interest from November 30, 1904; a copy of the account is attached to the petition. As a second cause of action the plaintiff alleges that the items charged in said account were so furnished by the plaintiff to said defendants and at their request, in and about the building and construction of a certain house, etc., and then follow the averments necessary to perfect a lien for the amount of said account

---

*Affirmed, *Rusher Lumber Co.* v. *Troxel*, 52 Bull. 335.

Lumber Co. v. Troxel.

upon the building and premises for which the same were furnished. Proper averments are made with reference to the filing and verification of said account and then, after a reference to possible claims upon the same property by some of the defendants named in the petition, the plaintiff prays judgment against said G. W. Troxel and Allie L. Troxel for said sum of $330.58 with interest from November 3, 1904, and that it may be decreed to have a lien in and upon the said house and the building and the real estate described, for the amount of said claim and from a specified date, and that said lien may be foreclosed and said property sold as upon execution; that priorities may be ascertained and the proceeds distributed, etc.

It will be noted that there are two causes of action, one of a legal and the other of an equitable nature. It is claimed by the defendant, the Lima Home & Savings Association, as well as other defendants herein that under the issues thus presented by the petition of the plaintiff, no right of appeal exists and that the petition therefore should be dismissed. All the defendants met the issue tendered by the first cause of action by a general denial.

The plaintiff contends, as against said motion, that all matters of fact were amicably agreed upon between the parties in the court below and that the only thing that was in reality submitted to the judgment of the court was the question of priorities, matters affecting solely the liens and their order of succession, and that because of this fact the case was tried in the court below entirely within the equitable jurisdiction of the common pleas court and that it ought therefore to be appealable and this the more so since no jury was even asked or required.

A correct solution of the question presented will require an examination of the law governing appeals.

The right of appeal in actions of this kind is given in Rev. Stat. 5226 (Lan. 8735), which provides in part as follows:

"In addition to the cases and matters specially provided for, an appeal may be taken to the circuit court by a party or other person directly affected, from a judgment or final order in a civil action rendered by the common pleas court, and of which it had original jurisdiction, if the right to demand a jury therein did not exist, etc."

Revised Statute 5130 (Lan. 8645), provides:

"Issues of law must be tried by the court, unless referred as hereinafter provided; and issues of fact arising in actions for the recovery of money only, or specific real or personal property, shall be tried by a jury, unless a jury trial be waived, or a reference be ordered as hereinafter provided."

It is held in the case of *Ladd* v. *James*, 10 Ohio St. 437, that—

Allen County.

"The issues shown by the pleadings in an action will show whether, after a judgment, there be a right to a second trial, under the act passed April 12, 1858 [55 O. L. 81; 4 Curwen 3087; repealed, Sec. 7437 Rev. Stat.]. If there be an issue of fact joined between the parties, which either party has the right to demand shall be tried by a jury, then either party may demand a second trial. If there be a joinder of several causes of action, and an issue of fact as to either of them, which either party has a right to have tried by a jury, a second trial may be demanded, and there cannot be an appeal, though one or more of the causes of action would be such as would authorize an appeal.

"Where an action is brought upon a note and on a mortgage given to secure its payment, and a judgment is asked upon the note and for the sale of the mortgaged property, any issue of fact which affects the judgment upon the note is an issue which either party has a right to demand that it shall be tried by a jury; and in such a case there may be a second trial, but not an appeal. If there be no such issue of fact or the judgment asked is simply for a finding of the amount due upon the note and a sale of the property mortgaged, either party would have the right to appeal and not a right to a second trial."

The same principle is recognized by the circuit court of the first circuit in the case of the *Lockland Lumber Co.* v. *Marsh*, 8 Circ. Dec. 624 (16 R. 432). The latter case involved a petition asking for personal judgment and foreclosure of a mechanic's lien as in the case at bar. See also *Keller* v. *Wenzell*, 23 Ohio St. 579; *Bugh* v. *Sturgeon*, 41 Ohio St. 402; *Mitchell* v. *Drake*, 4 Circ. Dec. 609 (7 R. 308).

These authorities seem conclusive of the proposition that where a petition asks for a personal judgment and also for a decree of foreclosure to enforce such judgment, and these issues are met by a general denial, no appeal can be taken by the plaintiff presenting such a petition.

It is claimed, however, in the action at bar, that all issues of fact which might otherwise require the attention of a jury had been amicably disposed of before trial and that the only thing left to be done in the lower court was a finding with reference to priorities.

This view seems to be based in part at least upon the case of *Grapes* v. *Barbour*, 58 Ohio St. 669 [49 N. E. Rep. 306], where it is held:

"If, in an action for the foreclosure of a mortgage and for a personal judgment for the money claimed to be due upon the demand which it secures, the journal entry in the court of common pleas shows that before the action is tried, the plaintiff, by leave of court, withdraws the prayer for a personal judgment, and the court proceeds to

### Lumber Co. v. Troxel.

find the amount due and to decree a foreclosure, the mortgagor may appeal to the circuit court.''

In the case just cited, however, there was a substantial amendment of the pleading. The prayer for a personal judgment was withdrawn and this withdrawal was evidenced by a journal entry. This left nothing for the jury to pass upon and nothing remained but a request for a decree of foreclosure, a finding of the amount due, of sale and distribution. These were all matters within the peculiar province of the chancery powers of the court. The issues requiring a jury trial had been eliminated by the withdrawal of the prayer for a personal judgment. This is quite different from a mere oral agreement or understanding of counsel, or like arrangement with the court on the trial day with the pleadings still in their original shape. The pleadings determine the nature of the action. This is held in the case of *Raymond v. Railway*, 57 Ohio St. 271 [48 N. E. Rep. 1093], where, in the third section of the syllabus the court say:

''Whether a case is one in equity or of law, does not depend upon the understanding of counsel, or of the trial court, nor upon the form of the judgment rendered, but upon the nature of the action as shown by the pleadings.''

In view of the foregoing authorities and the nature of the pleadings before us we are impelled to the conclusion that since the petition in this case asks for a personal judgment as well as a decree of foreclosure it presents an issue of fact upon which either party had the right to a trial by jury, and this being the case, the action is not appealable and the motion to dismiss the appeal must be sustained.

It is the judgment of this court, therefore, that the several motions to dismiss the appeal of the plaintiff herein be, and the same are, hereby sustained and the appeal is accordingly dismissed at the costs of the plaintiff. Judgment for costs, execution awarded and cause remanded to the court of common pleas for execution.

**Norris, J.,** concurs.